# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT DOREMUS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 1:19-CV-046-JEM |
| | ) | |
| ANDREW SAUL, Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Robert Doremus on February 8, 2019, and Plaintiff's Opening Brief [DE 20], filed August 2, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 13, 2019, the Commissioner filed a response. Plaintiff did not file a reply.

**I.      Background**

On June 11, 2015, Plaintiff filed an application for benefits alleging that he became disabled on June 6, 2015. Plaintiff's application was denied initially and upon consideration. On June 21, 2017, Administrative Law Judge ("ALJ") John Carlton held a hearing, at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On November 28, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant has not engaged in substantial gainful activity since June 11, 2015, the application date.

2. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), anxiety, depression, bipolar disorder.

1

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except he is limited to occasionally using ramps and stairs, cannot climb ladders, ropes, or scaffolds; cannot work at unprotected heights or around dangerous machinery; cannot be required to operate a motor vehicle as a condition of employment; cannot be exposed to high levels of humidity, heat, cold, dust, odors, fumes or pulmonary irritants; he is limited to simple and routine tasks; he can interact with and react appropriately with supervisors, co-workers, and the general public on an occasional basis.

5. The claimant is unable to perform any past relevant work.

6. The claimant was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 11, 2015, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 15]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow

the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in failing to incorporate Plaintiff's limitations in concentration, persistence, and pace in the RFC, and in failing to consider the combination of Plaintiff's impairments in determining his capacity to work.

The ALJ found that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, as well as moderate limitations in understanding, remembering, or applying information, and moderate limitation in interacting with others. The ALJ noted that Plaintiff reported trouble paying attention and completing tasks, and has difficulty following instructions. The ALJ limited Plaintiff to simple and routine tasks and found that "he can interact with and react appropriately with supervisors, co-workers, and the general public on an occasional basis." In his discussion of how he arrived at the RFC, the ALJ mentioned Plaintiff's GAF score of 60, indicating moderate symptoms or difficulty functioning, but did not explain how Plaintiff's mental health difficulties were incorporated into the RFC other than explaining that "[t]he restriction for simple

4

and routine tasks with social interaction limitations addresses the claimant's psychological disorders." AR 25.

The Seventh Circuit Court of Appeals has repeatedly "underscored that the ALJ generally may not rely merely on catch-all terms like 'simple, repetitive tasks' because there is no basis to conclude that they account for problems of concentration, persistence or pace." *Crump v. Saul*, 932 F.3d 567, 570-71 (7th Cir. 2019) (citations omitted). It has emphasized that "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21; *see also Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations … which … limited [the plaintiff's] ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public").

"When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart*, 561 F.3d at 684; *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). In particular, "the question must account for documented limitations of 'concentration, persistence or pace.'" *Stewart*, 561 F.3d at 684 (citing cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical

that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

In this case, the ALJ asked the VE about a hypothetical individual with the physical limitations as reflected in the RFC in this case, and limited the individual to "simple and routine tasks." He then asked further questions including additional limitations that had to do with interaction with co-workers and the public, and then asked about off-task expectations. The VE testified that "tolerance for being off task" would be no more than "about half a minute[] to three minutes an hour off task" per day to maintain employment, and a person could not maintain employment if they consistently missed more than one day of work per month. AR 83. Plaintiff's attorney then asked about the need for redirection when off-task, and in response the VE testified that the need to be redirected to one's tasks once per hour or even once per day "would not be consistent with competitive employment." AR 85. The Court cannot conclude that a limitation to "simple and routine tasks" incorporates Plaintiff's relevant limitations in concentration, persistence, and pace, particularly given the ALJ's own finding that Plaintiff needed reminders to complete daily, routine activities such as taking his medication. Yet the ALJ did not explain how Plaintiff's moderate difficulties in concentration, persistence, and pace, are accounted for in thirty seconds to three minutes per hour with no reminders or need for redirection. Remand is required. *See, e.g., Crump*, 932 F. 4d at 570-71 ("by specifically rooting the RFC determination in a VE's opinion that, by its terms, did not account for Crump's [concentration, persistence, and pace] limitations the ALJ committed . . . error"); *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) ("Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace. The ALJ asked two additional hypothetical questions to the VE about an

individual who would either be off task 20% of the workday or would have two unscheduled absences per month—seemingly having in mind someone with 'moderate difficulties with concentration, persistence, and pace.' The VE responded that neither individual could sustain employment. But these responses are not reflected in the ALJ's decision."); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018), as amended on reh'g (Apr. 13, 2018) ("The question posed to the vocational expert did not address Mr. Moreno's documented limitations in concentration, persistence, and pace. As a result, the vocational expert's assessment of the jobs available to Mr. Moreno necessarily is called into doubt, as is the ALJ's conclusion that Mr. Moreno is not disabled under the Social Security Act.").

On remand, the ALJ is reminded that he "must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling.").

The ALJ "must provide a 'logical bridge' between the evidence and his conclusions," *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the RFC. On remand, the ALJ is directed to thoroughly explain how Plaintiff's claimed limitations are either incorporated into the RFC or found to be unsupported, including a description of how he accounted for Plaintiff's multiple impairments, both physical and mental, and to include a complete summary of Plaintiff's limitations in his questions to the VE. He is also reminded of the requirement to fully develop the record. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR

96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in the Plaintiff's Opening Brief [DE 20] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 4th day of March, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record